U. M. ROBINSON, *Administrator of* NANCY COREY, *Prosecutor, v.*
BENAJAH STANLEY.

*Bond.   Probate Court.   Chancery.   Statute.   Jurisdiction.*

Section 2, ch. 59, General Statutes, providing that the bond of a trustee appointed
    under the provisions in a will, may be sued when the court of chancery upon
    proper application, shall so order, does not give the court of chancery exclusive
    power over the subject, but a power concurrent with that of the probate court,
    provided in § 2, ch. 60, General Statutes.

THIS was an action of debt on a bond, executed by Benajah
Stanley, the defendant, as principal, and by Asahel Matteson, as
surety, to the probate court for the district of Bennington, with a con-
dition annexed thereto, to secure the faithful discharge by the defend-
ant of his duties as a trustee for one Nancy Corey, daughter of Ben-
jamin Corey, deceased, to which trust the defendant had been ap-
pointed by the said probate court, to supply the place of certain
trustees of a trust for Nancy Corey, appointed by the last will and
testament of Benjamin Corey, by whom the said trust had been de-

clined; and the action was commenced against both of the obligors named in the bond, but a return of *non est inventus et nulla bona*, as to Matteson, was made on the writ. The name of Uel M. Robinson, administrator of Nancy Corey, was endorsed on the writ, at the time of suing out the same, as the prosecutor of the said bond.

At the time of the entry of the said writ in court, the prosecutor returned to and filed in court a certified copy of the bond declared on in the said action, with a certificate that permission had been granted by the said probate court to the said Uel M. Robinson, of Bennington, in said district, administrator on the estate of Nancy Corey, deceased, on his application, to prosecute the said bond—the copy of the bond and certificate being certified by the judge of the probate court for the district, under the seal of the said probate court.

Proceedings followed in the case, not material to be stated, until the December Term, 1865, KELLOGG, J. presiding, when the defendant filed a motion in writing, " that the cause be dismissed for the following reason, to-wit: that this court has no jurisdiction of this cause, or any legal power to hear, try and determine the same, for the reason that no application has ever been made to the court of chancery for liberty to sue said bond, and the court of chancery has never made any order directing or permitting the plaintiff or any other person to sue said bond as required by the statute in such case made and provided."

On the hearing upon this motion, it was conceded by the prosecutor that no application was ever made to the court of chancery for the county of Bennington, or to the chancellor for liberty to commence and prosecute a suit on the bond, and that no order in respect to the bond was ever made by the said court of chancery or by the said Chancellor ; and it was thereupon adjudged, *pro forma*, that the motion be allowed, and that the action be dismissed. To this decision and judgment the prosecutor excepted.

*U. M. Robinson*, prosecutor, *pro se.*

*T. Sibley* and *A. B. Gardner*, for the defendant.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This was an action upon a probate bond, executed by the defendant to secure the faithful performance of his duties as a trustee appointed by the probate court for the district of Ben-

nington, under the provisions of the last will and testament of Benjamin Corey, deceased.

The case shows that the defendant was appointed a trustee to supply the place of certain trustees appointed by the said last will and testament of said Corey, who had declined said trust.

It has been said in argument, that the will did not appoint trustees in fact, but as the will is not made a part of the case we have no legitimate means of determining that question ; we must take the case as it stands upon the papers.

The questions before us arise upon a motion to dismiss the case, made in the court below, based upon the ground that before commencing the suit, no order of the court of chancery had been made directing the prosecution of the bond.

By the 1st section of chapter 59 of the General Statutes, it is provided that any trustee appointed in any will, shall, before entering upon the discharge of his duty as such trustee, execute a bond with surety to the probate court, etc., conditioned for the faithful discharge of his duties as such trustee.

By the 2d section it is provided that such bond shall be filed and recorded in the office of the judge, or register taking the same, and *may be sued* in the name of the court to which the same shall be taken, whenever the court of chancery, upon proper application, shall so order.

No application was made to the court of chancery for such an order, and no such order was made prior to commencing the suit.

It appears from the exceptions that before bringing the suit, the plaintiff applied to the said probate court for permission to prosecute the said bond, and such permission was duly granted. Was that sufficient to warrant the plaintiff in bringing this suit?

In chapter 60, General Statutes, section 2, it is provided that "*all bonds* taken to the probate court, shall be prosecuted in the county court of the same county in which they were taken, for the benefit of those who may be injured by the breach of their conditions, in the following manner :"

" First. Any person claiming to have been injured by a breach of the conditions of any bond, may, by himself or his attorney,

make application to the probate court to which such bond is taken, for liberty to put the same in suit," etc.

" Second. The probate court shall thereupon grant permission to prosecute the bond," etc.

Then follow other provisions regulating the mode of prosecution, which are not material to the present question.

These provisions are quite sufficient to authorize the probate court to grant permission to prosecute bonds like the one in this case, unless the provisions in chapter 59, granting a discretionary power over the subject to the court of chancery, is to be regarded as exclusive, and thus to take away a power clearly given to the probate court by the terms of section 2 in chapter 60.

We think it was not the intention of the legislature to give the court of chancery the exclusive power over this subject, but a power concurrent with that of the probate court. If it had been the intention to give the exclusive power to the court of chancery, it would have been so declared in terms in the provisions of chapter 59, or it would have been excepted in terms, from the power given to the probate court in chapter 60,—the legislature did neither. In considering this subject, it is to be borne in mind that the provisions of both these chapters, as well as all the other provisions of the General Statutes were before the legislature at the same time, and as both these chapters relate to the same general subject, it is to be presumed that the provisions of each were considered with reference to the provisions of the other, and that the legislature intended by both precisely what they have declared. The legislature might well have considered that, as the matter of trusts and trustees is peculiarly within the province of the court of chancery, there was a propriety in giving that court a power to order the prosecution of this class of bonds, if in the exercise of its discretion it thought proper to do so, but if it did not, still to leave the power with the probate court.

It is the duty of the court in construing statutes, to give effect to all parts, if it can be done without violating the principles of fair construction, or established rules of law. In the construction thus put upon these provisions, we think we do not violate either.

Again, chapter 59 relates exclusively to trusts and trustees, created

by will, or to trustees appointed by the probate court in pursuance of the provisions of a will, and after particularly defining the powers and duties of the probate court in respect to such trusts and trustees, it concludes by section 13 as follows : " The probate court may further hear and determine, *in equity*, all other matters relating to the trusts mentioned in this chapter." After thus giving the probate court full chancery powers over all other matters relating to the trust it can hardly be supposed that the legislature did not intend that court should have power over the probate bond in this respect.

Judgment of the county court reversed and the case remanded.